UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA CLAY,

                    Plaintiff,                    CASE NO: 13-11555
                                                  HONORABLE VICTORIA A. ROBERTS
v.

MICHAEL EMMI, Hazel Park Police Officer;
RICHARD STORY, Hazel Park Firefighter/Medic;
MICHAEL SHARROW, Hazel Park Firefighter/Medic;
PAUL VANDENADELLE, Security Personnel at
St. John Oakland Hospital; KEVIN MITCHELL,
Security Personnel at St. John Oakland Hospital; and
ST. JOHN PROVIDENCE HEALTH SYSTEM.,


                    Defendants.
_____/

## ORDER

I.    **Introduction**

      This matter is before the Court on two motions for reconsideration.

      Plaintiff was transported to St. John Oakland Hospital because his case worker

believed he had a present plan to commit suicide.  At the hospital, Clay says he was

subjected to excessive force when he was unlawfully restrained, handcuffed and

tasered.  Defendants Michael Emmi, Richard Story and Michael Sharrow filed a Motion

for Summary Judgment.  Defendants Paul Vandenadelle, Kevin Mitchell and St. John

Providence Health System filed a Motion for Judgment on the Pleadings.

      On September 30, 2014, the Court entered an order granting the Motion for

Summary Judgment in favor of Story and Sharrow, as well as the Motion for Judgment

1

on the Pleadings in favor of Mitchell and Vandenadelle.  These four were dismissed from the case.

The Court denied Officer Emmi's Motion for Summary Judgment, finding a material issue of fact as to whether Clay was restrained when he was tasered.  The Court ruled that Clay's Fourth and Fourteenth Amendment claims for excessive force would go to trial.

The Court denied the Motion for Summary Judgment against St. John, finding that Clay alleged multiple theories of negligence and St. John failed to provide meaningful analysis under each of the theories sufficient to meet its burden.

Officer Emmi and St. John separately filed Motions for Reconsideration.  Officer Emmi's Motion is **GRANTED** in part and **DENIED** in part.  St. John's Motion is **DENIED**.

## II.    Standard of Review

A court may grant a motion for reconsideration if it is demonstrated that a palpable defect misled the Court in its ruling, correction of which would result in a different disposition. E.D. Mich. LR 7.1(h)(3).

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

2

III.     **Discussion**

    A.     **Defendant Emmi's Motion for Reconsideration**

In his Motion for Reconsideration, Emmi claims: (1) Plaintiff's excessive force claim can proceed either under the Fourth or Fourteenth Amendment but not both; (2) the Fourteenth Amendment is applicable and not the Fourth; (3) even if the Court applied a Fourth Amendment analysis, Emmi should prevail; (4) Emmi is entitled to qualified immunity; (5) the Court was misled regarding the number of people who potentially held Clay down; and (6) a different disposition of the case should result.

Emmi says that because Clay claimed violations under both the Fourth and Fourteenth Amendments, the Court must decide which amendment applies and Clay cannot proceed to trial on both.  The Court analyzed Clay's claim under the Fourth Amendment only.  Emmi says the Fourteenth Amendment should be applied.  Clay says it is proper for the case to proceed under the Fourth Amendment.

Emmi concedes the Sixth Circuit applied a Fourth Amendment analysis to mental health seizures, but distinguishes that case because the plaintiff in *Ziegler* challenged the propriety of the seizure, not the degree of force.   *Ziegler v. Aukerman*, 512 F.3d 777 (6th Cir. 2008).  But, Emmi fails to acknowledge the Sixth Circuit also applies a Fourth Amendment analysis to mental health seizures when excessive force claims are alleged.  *Monday v. Oullette*, 118 F.3d 1099, 1104 (6th Cir. 1997).   The Sixth Circuit discussed the application of the Fourth and Fourteenth Amendments in *Lanman v. Hinson*, 529 F.3d 673, 681 (6th Cir. 2008):

3

> [A] voluntarily confined individual who is bodily restrained by State actors, related to his consented-to medical treatment, has not been seized for purposes of the Fourth Amendment's application so long as a reasonable person in the patient's position would believe that he was free to leave the State's care.  (Citations omitted).  If, however, a reasonable person in the patient's position would believe that the physical restraint was not medical treatment, but rather an attempt by the State to transform the voluntary care relationship into involuntary confinement, then the patient has been seized within the meaning of the Fourth Amendment and its standard applies.

In *Lanman*, the Fourteenth Amendment was applied because plaintiff was a voluntarily admitted patient in a psychiatric hospital and the court held that a reasonable person in his position would believe that the restraint was part of his medical care, not an attempt by defendants to keep him at the hospital against his will.  *Id.* at 681.  "[W]hen a plaintiff is not in a situation where his rights are governed by the particular provisions of the Fourth or Eighth Amendments, the more generally applicable Due Process Clause of the Fourteenth Amendment provides the individual with protection against physical abuse by officials."  *Id.* at 681 citing *Graham v. Connor*, 490 U.S. 386, 395 (1989).

Emmi says that since Clay was already awaiting treatment in a hospital setting, he falls into a murky legal territory regarding which amendment applies.  The Court disagrees.  Clay went to the hospital voluntarily and when told to put on the hospital gown, he got off the bed apparently believing he could leave.  He was not committed as was the plaintiff in *Lanman*.  A reasonable person in Clay's position would believe that restraint in this context was an attempt by the State to transform a voluntary relationship into an involuntary confinement.  Clay's claim was properly analyzed under the Fourth Amendment.

Plaintiff does not provide any insight into why he filed a claim under both the Fourth and Fourteenth Amendments.  Count I of the Complaint alleges excessive force under the Fourth and Fourteenth Amendments.  However, the Court finds the Fourteenth Amendment claim was abandoned when Clay failed to raise it in opposing the Defendants' Motion for Summary Judgment.  *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013).

 Even removing the Fourteenth Amendment claim from consideration by the jury, there is no palpable defect which if corrected would result in a different disposition of the Court's September 30, 2014 Order.

Emmi's remaining arguments present the same issues already ruled upon by the Court.  Plaintiff's Fourteenth Amendment claim is **DISMISSED** from the case.  The rest of Emmi's Motion for Reconsideration is **DENIED**.

### B.    Defendant St. John's Motion for Reconsideration

In the Motion for Judgment on the Pleadings, Defendants Vandenadelle, Mitchell and St. John argued that Clay failed to state a claim upon which relief could be granted because "negligent battery" is not a cognizable claim under Michigan Law.  The Court agreed and held the proper cause of action is battery.  The Court dismissed Vandenadelle and Mitchell from the case.

St. John argued, without sufficient support or analysis, that Clay also failed to state a claim upon which relief can be granted against St. John.  St. John's Motion for Reconsideration contends: (1) permitting various claims against the defendant employer in the absence of an existing and actionable tort claim proven against the employee

constitutes a palpable defect; and (2) correcting the defect will result in a different disposition of the case.

Clay responds by saying the Court did not reach the merits of the negligence claim against the employees and therefore the claim against St. John should proceed. Clay also says St. John has not presented evidence that the employees were acting outside the scope of employment.

St. John says an actionable tort claim against the individuals being supervised must be proven to sustain a negligent hiring, supervision and training claim against an employer. In support, St. John cites *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567 (1999) and *Harts v. Farmers Ins. Exch.*, 461 Mich. 1 (1999).

In *Harts*, an insured sued its automobile insurer because the agent sold a policy that lacked a type of coverage. The insured also sued the insurer/employer for negligently supervising the agent. *Id.* at *3. The Circuit Court granted summary judgment for the defendants and the Appeals Court affirmed. The Michigan Supreme Court held that an insurance agent has no duty to give advice regarding insurance coverage unless there is a special relationship. The court held no such relationship existed. The court also held that absent a duty on the part of the agent, the employer was not vicariously or directly liable.

In *Teadt*, a parishioner sued a minister, church, state church district and national church synod because of an allegedly improper sexual relationship between the parishioner and minister. *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. at 569. The court granted the church's motion for summary disposition under a vicarious liability theory because no factual development could sustain the plaintiff's claim when

6

the actions in question took place outside the scope of employment.  *Id*. at 572.  The court also granted the church's motion regarding negligent hiring because the plaintiff conceded the church had no reason to anticipate the minister's actions when he was hired.  *Id.* at 573.

Since the Court did not reach the merits of the claim against the two security guards, it is possible that Clay will be able to factually develop at trial whether or not the guards actions were within the scope of employment and whether or not they were improper.  The merits of the claim were not before the Court in the former motion and they may not be raised for the first time in a motion for reconsideration.

Neither *Harts* nor *Teadt* resolves the issue of whether an employer could be liable under various theories of negligence if the underlying claim against the employee was wrongfully pled.  Neither case sheds light on whether an employer might remain responsible for battery if those employees are dismissed from the case based on a technicality.

St. John also says the limitations period for the underlying cause of action governs the limitations period associated with the independent action against the employer.  St. John cites  *Bronson v. Sisters of Mercy Health Corp.*, 175 Mich. App. 647 (1989) as an example.  St. John says the period of limitations for battery is two years and that applying the reasoning of *Bronson*, any independent negligence claims based on tort actions of co-defendant employees are subject to the shorter two year statute of limitations period and should be dismissed. Clay does not address this argument in his response.

In its answer to the Complaint, St. John raised a general affirmative defense

7

based on the statute of limitations.  In its prior Motion, St. John argued that allowing the complaint to be amended for the purpose of adding an assault and/or battery claim would be futile as the statute of limitations expired prior to the filing of the original complaint.  St. John did not raise a statute of limitations defense argument regarding negligence claims.  A party may not raise new arguments for the first time in a motion for reconsideration.

No palpable defect misled this Court.  St. John's Motion for Reconsideration is **DENIED**.

**IV.    Conclusion**

Plaintiff's Fourteenth Amendment claim is **DISMISSED**.  The rest of Defendant Emmi's Motion for Reconsideration is **DENIED**.  Defendant St. John Providence Health System's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 21, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 21, 2014.

S/Carol A. Pinegar
Deputy Clerk