UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA CLAY,

                    Plaintiff,                CASE NO: 13-11555
                                                  HONORABLE VICTORIA A. ROBERTS
v.

MICHAEL EMMI, Hazel Park Police Officer;
RICHARD STORY, Hazel Park Firefighter/Medic;
MICHAEL SHARROW, Hazel Park Firefighter/Medic;
PAUL VANDENADELLE, Security Personnel at
St. John Oakland Hospital; KEVIN MITCHELL,
Security Personnel at St. John Oakland Hospital; and
ST. JOHN PROVIDENCE HEALTH SYSTEM.,

                    Defendants.

_____/

**ORDER GRANTING ST. JOHN PROVIDENCE HEALTH SYSTEM'S
MOTION TO LIFT STAY AND TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL**

**I.    Introduction**

Before the Court is Defendant St. John Providence Health System's ("St. John")

Motion to Lift the Stay and Certify the Action for Appeal.  St John also requests an order

reinstating the stay of the action until the Court of Appeals issues a decision.  St. John's

Motion is **GRANTED**.

**II.    Discussion**

This case involves an incident at St. John Oakland Hospital.  Plaintiff Joshua

Clay ("Clay") was taken there by ambulance because his case worker believed he was

in danger of committing suicide.  Clay attempted to leave the hospital and alleges

defendants used unlawful force to restrain him.

On September 30, 2014, the Court entered an Order granting in part and denying in part St. John's Motion for Judgment on the Pleadings.  The Court determined Clay's negligence claim against two St. John security guards was based on an intentional offensive touching, and that his proper cause of action is for battery, not negligence. Accordingly, the Court dismissed Count II (labeled "negligence" but pleading "negligent battery," not a cause of action in Michigan) against the two St. John security guards, and allowed the case to go forward against St. John on a *respondeat superior liability* theory and independent negligence claims.  St. John filed a Motion for Reconsideration; it was denied.

St. John asks this Court to lift the stay under Fed.R.Civ.P. 60 and enter an order under 28 U.S.C. §1292(b) certifying the matter for interlocutory appeal.  Clay objects; he says (1) St. John provides no basis for lifting the stay; and (2) St. John failed to file its Motion within a reasonable time.

The Court finds that St. John provided a basis for lifting the stay and also filed its motion within a reasonable time.

Under Fed.R.Civ.P. 60(b)(6), the Court may relieve a party from an order for "any . . . reason that justifies relief."  Other than that the motion be filed "within a reasonable time," there is no specific time restriction for motions brought under Rule 60(b)(6). Fed.R.Civ.P. 60(c)(1)

The Court finds St.John's delay of three months is reasonable and that Rule 60(b)(6) allows for such motions beyond a year.

A Court may certify a non-final decision for interlocutory appeal when the

2

following factors are met: (1) the order involves a controlling question of law; (2) for which there is substantial ground for difference of opinion respecting the correctness of the decision; and (3) for which an immediate appeal would materially advance the ultimate termination of the litigation.  28 U.S.C. §1292(b); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

All three criteria are met.  A legal issue is controlling if it materially affects the outcome of the case.  *In re City of Memphis*, 293 F.345 at 351.  The controlling legal question here is this: If the Court determines that Plaintiff failed to properly plead a claim for negligence against the employee, is an employer entitled to Judgment on the Pleadings for: (1) *respondeat superior liability;* and (2) various claims of negligence?  It is a controlling question of law because a determination could materially affect the outcome of the case.

Second, although the Court stands by its opinion and believes it reached the correct result, it recognizes that there is room for disagreement.  The Court was not aware of any precedent, and the parties provided none, which addressed the precise issue before it.

Finally, an immediate appeal could materially advance the ultimate termination of the litigation.  If St. John prevails on appeal, it could prevail on one or more of the remaining claims before this Court.  There are other defendants in the case.  Resolution of this appeal will not end the case, but it could reduce and simplify the duration of the proceedings.

3

**III.   Certification of Appeal**

Regarding the Court's September 30, 2014 Order, the Court certifies that:

1.      The Order involves a controlling question of law: - If the Court determines that Plaintiff failed to properly plead a claim for negligence against the employee, is an employer entitled to Judgment on the Pleadings for: (1) *respondeat superior liability;* and (2) various claims of negligence?

2.      There is a substantial ground for difference of opinion on that question; and,

3.      An immediate appeal from the Order may materially advance the ultimate termination of the litigation.

**IV.   Conclusion**

Defendant St. John's Motion is **GRANTED**.

**IT IS ORDERED**.

 /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 21, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 21, 2015.<br><br>s/Linda Vertriest<br>Deputy Clerk |

4